FILED 27 SEP '22 14:25 USDC-ORP

James Parker
Plaintiff, pro se
90652 Lewis Rd.
Warrenton, Oregon. 97146
stretchymon@gmail.com

U.S. District Court
For the District of Oregon
Mark O. Hatfield U.S. Courthouse
1000 S.W. Third Ave.
Portland, OR. 97204

| | |
|---|---|
| JAMES PARKER,<br>Plaintiff, pro se,<br><br>v.<br><br>CHRISTINE WORMUTH,<br>SECRETARY,<br>U.S. DEPARTMENT OF THE<br>ARMY,<br>Defendant. | Docket No.: 3:22-CV-1451-IM<br><br>Bench decision requested. |

## COMPLAINT

This is an employment-related action for violations of the Plaintiff's rights granted under

the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. §§ 621 et

seq.; and Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.

S. C. § 791 et seq.  Plaintiff was discriminated and retaliated against based on his age and

perceived disability when he was not selected to a position of Small Craft Operator position in

Portland, Oregon, by U.S. Department of the Army, Army Corps of Engineers, Portland District,

Operations Division, Channels and Harbors Project, Survey Section.


JURISDICTION AND VENUE

1

#99763

1.      This Court has jurisdiction pursuant to the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. §§ 621 et seq.; and Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U. S. C. § 791 et seq.

2.      The unlawful employment practices alleged below were committed and/or executed by supervisory personnel of the U.S. Department of The Army, U.S. Amry Corps of Engineers, Portland District, Operations Division, Channels and Harbors Project, Survey Section, Portland, Oregon.

## PARTIES

3.      The Plaintiff, pro se, James Parker, is an adult individual who has a mailing address of 90652 Lewis Road, Warrenton, Oregon, 97146.  His email address is: stretchymon@gmail.com.

4.      The Defendant, Christine Wormuth, is Secretary, U. S. Department of the Army, at the Headquarter located at 101 Army Pentagon, Room 3E700, Washington, DC 20310-0101.

5.      At all relevant times, Steven William Russell was Hydrographic Supervisor, GS-0817-12, Channels and Harbors Hydro Survey and Land Survey Section, Portland, Oregon, U.S. Army Corps of Engineers.

6.      At all relevant times, Daniel Geye, was Small Craft Operator, XF-5786-11.  He worked for the Hydro Survey Section, Portland District, U.S. Army Corps of Engineers.

7.      The Department of the Army engages in commerce for the purposes of the Age Discrimination in Employment Act of 1967 (ADEA), as amended; and the Rehabilitation Act of 1973 (Rehabilitation Act), as amended; and qualifies as an employer within the meaning of the statute and regulations at issue in this case.

## STATEMENT OF FACTS

2

8.    The pro se Plaintiff, James Parker, born in July 1963. As of July 2020, he was age 57.

9.    In 2018 Plaintiff was diagnosed with diabetes.

10.    As of the date of interview, July 6, 2020, and to the present, Plaintiff's diabetes was and has been under control.

11.    Since 2018, he had lost 60 lbs. and was able to maintain the weight loss ever since. His blood sugar level also has been under control ever since.

12.    At the time of the job interview on July 6, 2020, and to the present day, he was not, had not been, and is not a person with disability.  His diabetes has not, did not, and does not interfere with one or more major life activities such as walking, running, seeing, concentrating, making decisions, vehicle or small craft operation, etc..

13.    The disabling condition was "temporary," as Plaintiff was able to lower his blood sugar level (A1C) to a certain level in order to "re-obtain [his] Captain's license."

14.    However, as of July 6, 2020 he was *perceived* as having disability by the selecting official, Steven William Russell, Hydrographic Supervisor, GS-0817-12.

15.    Furthermore, based on the flawed and unlawful perception of disability and based on his age, Plaintiff  was denied the position he sought, Small Craft Operator, despite the fact that he was the best qualified candidate for the position and the most fitting candidate to perform the duties required by the position he sought.

16.    On July 21, 2020 Plaintiff was notified of non-selection.

*Background Information and Relevant Facts*

17.    Between March 2018 and June 27, 2019 Plaintiff was employed by the Defendant as Small Craft Operator.

3

18.    While employed, Plaintiff received "Fully Successful" rating on his 2019 performance evaluation.

19.    Both Daniel Geye (Small Craft Operator, XF-5786-11) and Steven Russel (Hydrographic Supervisor, GS-0817-12) had work with Plaintiff between March 2018 and June 2019.

20.    Sometime in mid 2019 Plaintiff lost his "Captain's license" because of his diabetes. ROI 000248. Undisputed.

21.    On June 27, 2019 Plaintiff resigned from the position due to his "high blood sugar, which caused [him] not to be able to sail on the ship."

22.    Sometime in what year ??? Plaintiff "re-obtained" his Captain's license after keeping his diabetes under control.

23.    Plaintiff spent his entire life on Columbia River. He had worked and recreated on the Columbia River since the age of 5, when his mother married a commercial fisherman. He owed power and sail boats. He knew the river more than most of his colleagues. (Columbia River runs north of Portland, OR, passing along the side of Portland International Airport. There is Government Island in the middle of it.)

24.    Plaintiff had been on boats most of his life. He had been to Russia, East Coast, Gulf Coast, Hawaiian islands, small boats, large boats, narrow passages, tug boats, sail boats for 20 years (up to 32 feet).

25.    On the day of the job interview, July 6, 2020, Plaintiff told the interview panelists, as recorded by one of the interview panelist Daniel Geye: "[I had] been on the River all my life."

26.    The following served as the panelists for the job interviews held between July 6, 2020 and July 7, 2020: Allen Stewart, Daniel Geye, Richmond Boyce.

27.    Steve Russell was the selecting official. However, he did not interview the candidates.

28.    On July 7, 2020 Daniel Geye emailed Steven Russell, notifying his selection recommendation of the following candidates in the order of ranking shown below:

#1 Christian Kanschat

4

- Work history, experience, recency in practices of the trade
- -Marine knowledge
- Technical competence
- Multiple references

#2 Paul Gunis
- Marine knowledge
- Mechanical competence
- References

#3 Mark McCaughn
- Technical competence
- Marine knowledge
- References

#4 James Parker
- Did not demonstrate the ability to follow full spectrum of comprehensive small craft safety
- No references

29.     The first choice selectee and Mr. Geyer's former co-worker, Christian Kanschat declined the job offer.

30.     Kanschat had no known disability and at least 7 years younger than Plaintiff.

31.     Kanschat had been a relief Captain on the Wilderness Explorer and the Wilderness Discoverer, navigated vessel in narrow waterways, anchored the vessel, docked and undocked it.

32.     Kanschat had been Chief Mate of Wilderness Explorer 186' 94 GRT/910 GT in Alaska's Inside Passage and relief Chief Mate of Safari Explorer in Hawaii.

33.     Kanschat and Geyer worked together in 2016 for Uncruise Adventures.

34.     Kanschat had no experience navigating Columbus River, as Plaintiff did.

5

35.    The second choice and the selectee, Mr. Paul Gunis, was terminated within the first year of his employment with Defendant.

36.    Gunis had no known disability and at least 7 years younger than Plaintiff.

37.    Gunis had been a Captain on a deep sea tanker in charge of the whole boat and a multimillion dollar asset.

38.    But the position for a small craft operator was not a good fit for him.

39.    Gunis had no experience with small boat in shallow waters or coastal regions such as Columbus River.

40.    Gunis had no experience navigating Columbus River, as Plaintiff had.

41.    Gunis had 25 years of management experience in labor relations and human resources.

42.    The other candidate, Mark McCaughan, had been Sr. Dynamic Positioning Officer in TransOcean Inc. for 6.5 years.

43.    Before that McCaughan was Jr. Dynamic Positioning Officer.

44.    McCaughan had no navigation experience.

45.    Yet, McCaughan was ranked higher than Plaintiff in Geye's recommendation of the candidates.

46.    McCaughan had no known disability and at least 7 years younger than Plaintiff.

47.    In his selection recommendation, Geye had nothing positive to say about Plaintiff.

48.    The fact that Plaintiff did not provide references was highlighted as negative point by Geye.

49.    The vacancy announcement does not require references.

50.    Plaintiff felt no need to provide references, as he held the same post before under Alen Steward (a panelist) as his first level supervisor, and Steven Russell (the selecting official) as his second level supervisor.

51.    In his affidavit submitted to the EEO investigator, Plaintiff said: "[Russell] was the best reference I could have."

52.    Since Mr. Russell knew him, Plaintiff felt that he did not have to put the reference in his resume.

53.     Plaintiff did not put his references because "my supervisor [Allen Stewart] was my reference."

54.     Mr. Geye asked most of the interview questions on July 6, 2020.

55.     Mr. Geye also highlighted the selectees' education.

56.     However, no education was required for the position in question.

57.     Plaintiff had high school diploma or its equivalent.

58.     The two selectees, Gunis and Kanschat, graduated from Maritime Academy.

59.     The Maritime Academy degree, however, did not help the selectees to perform the job, operating a small craft on Columbus River; as Gunis was terminated within a year of employment, and as Kanschat declined the job offer.

60.     Plaintiff was a veteran with 10% disability certification.

61.     Plaintiff's veteran's preference was ignored by the referring official (Daniel Geye) and the selecting official (Steven Russell).

62.     No other candidates had the veteran's preference.

63.     The fact that Plaintiff held the position in question for more than a year and successfully did so was also ignored by the referring official (Daniel Geye) and the selecting official (Steven Russell).

64.     The panelist and the selecting official failed to consider the most relevant factor: Plaintiff's vast knowledge of Columbia River that he acquired ever since age 5 and his successful job performance as a Small Craft Operator on that River for more than a year.

65.     The position in question required knowledge of the Columbia River; because the incumbent:

> Operates a Survey Boat engaged in reconnaissance and hydrographic surveys pertinent to the maintenance and improvement of coastal harbors, bars, estuaries, and river navigation channels.

66.     The incumbent is responsible for and is required to:

> Operate various powered survey boats under 65 feet in length during all phases of hydro-graphic survey work.
> Operate vessels in shallow water, surf zones, Boat Restriction Zones and through other possible hazardous areas.

67.     Given the job duties and responsibilities, Plaintiff was the most qualified and the best fit for the position. However, the qualifications that fit him the best to the position were

summarily discounted by the panelists and the selecting official.

68.     Geyer's aforementioned recommendation submitted to Russell fails to mention Plaintiff's knowledge of Columbia River; while the three selectees or the one referred were recognized for "Marine knowledge."

69.     The job in question did not require marine knowledge but the knowledge of the River.

70.     Plaintiff would have been selected but for the perceived disability that Geyer and Russell had of him and for his age.

71.     Almost all panelists emphasized the safety concerns related to Plaintiff disability, alleging that his crew did not feel safe riding Plaintiff's boat.

72.     One of the three interview panelists, Alan Stewart, recalled that during his prior employment with Defendant, Plaintiff wrecked his car on his way to work.

73.     More than two months after the interview, Steven Russell recalled Plaintiff's prior inability to pass the physical and to renew his Captain's license, the incident that resulted in his resignation in June 2019.

74.     Mr. Geye too recalled the same incident of Plaintiff having to resign due to inability to renew the captian's license on account of his diabetes.

75.     Geye suspected and questioned Plaintiff's ability to concentrate based on the episodic incidents where Plaintiff allegedly had to be re-directed twice, according to Geye, in answering the questions during the job interview.

76.     Geye records no such incidents in his interview notes, however.

77.     In his affidavit provided to the EEO investigator, Geye even questioned Plaintiff's ability to make sound judgment.

78.     Again, Geye made no such notations in his interview notes.

79.     In his affidavit provided to the EEO investigator Geye recalled from Plaintiff's prior employment with Defendant as a Small Craft Operator a hearsay remark purported made by Plaintiff's crew that they felt unsafe to ride the boat with him, allegedly due to him not being able to handle stressful situations and to encounter some unspecified safety issues.

80.     Geye's stated reasons for not recommending Plaintiff were due to his concern over Plaintiff's ability regarding the unspecified number of alleged safety incidents and his alleged failure to pay attention.

81.     None of the interview panelists had ridden a boat with Plaintiff.

82.     Jesse Allen, Survey Technician (GS-0817-10), who rode the boat with Plaintiff,

8

recalls one incident that took place in May 2019, when Plaintiff had to turn around his boat in order to get his diabetes medication and, after taking it, "went back out again."

83.    Jesse Allen recalled no other incidents—especially the type alleged and feared by the interview panelists, as referenced above.

84.    On the contrary, Jesse Allen's recollection of Plaintiff's job performance is very positive. He states in his affidavit provided to the EEO investigator:

> [Plaintiff] performed that job for at least a year with us.... He accomplished the mission, was a really hard worker, put in overtime when that was called for. There were different styles, but standards were met and the job was accomplished. I would work with him again if the opportunity arose.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

85.    On August 6, 2020 Plaintiff made the initial contact with EEO office in order to file an informal EEO complaint regarding the non selection to the position in question based on his age.

86.    On September 14, 2020 Plaintiff filed a formal EEO complaint: ARCEPORT20AUG02499.

87.    On March 11, 2021 an EEOC administrative judge (AJ) was assigned to the case: EEOC No. 550-2021-00215X.

88.    On April 15, 2022 Plaintiff filed a response to AJ's Notice of Intent to Issue Summary Judgment, in which he expressed his desire to amend the complaint to add perceived disability basis.

89.    On May 12, 2022 EEOC AJ issued a summary judgment in Defendant's favor.

90.    To date, Defendant failed to issued the Final Agency Decision.

## REMEDIES and RELIEF

91.    Plaintiff seeks immediate reinstatement with full compensation for the lost wages and benefits incurred since July 21, 2020 to the present.

## NO JURY DEMAND

92. The Plaintiff, pro se, requests a bench decision on all issues in this action.

WHEREFORE, the Plaintiff pray for a judgment in her favor and against the Defendant.

Respectfully Submitted,

James Parker
Plaintiff, pro se
90652 Lewis Rd.
Warrenton, Oregon. 97146
stretchymon@gmail.com

10

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the documents specified below were served on the entity identified below on the date of the signature below by means indicated below:

> U.S. District Court
> For the District of Oregon
> Mark O. Hatfield U.S. Courthouse
> 1000 S.W. Third Ave.
> Portland, OR. 97204
>
> Via FedEx

Complaint
Check or money order: $402.00.
Summons
Civil Cover Sheet

Chungsoo J. Lee
Pro Se Litigation Admin. Support
*EEO 21, LLC*
275 E. Street Road, #27
Feasterville, PA. 19053
Lee.eeo21@gmail.com

September 21, 2022

11