IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JAMES PARKER**, | Case No. 3:22-cv-01451-IM |
| Plaintiff, | **OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| **CHRISTINE WORMUTH, SECRETARY, U.S. DEPARTMENT OF THE ARMY**, | |
| Defendant. | |

**IMMERGUT, District Judge.**

Plaintiff James Parker, proceeding pro se, filed suit in this Court on September 27, 2022, alleging unlawful employment practices arising out of his application for a small craft operator position in the U.S. Army Corps of Engineers ("USACE"). ECF 1. Before this Court is Defendant Christine Wormuth's ("Defendant") Motion to Dismiss. ECF 5. Because Plaintiff fails to state a plausible claim, this Court GRANTS Defendant's Motion to Dismiss.

PAGE 1 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**BACKGROUND**

Plaintiff worked as small craft operator for the USACE in the Portland District from 2018 until June 27, 2019. ECF 1 at ¶ 17. In 2018, Plaintiff was diagnosed with diabetes. *Id.* at ¶ 9. Plaintiff voluntarily resigned in June of 2019 because of his high blood sugar, which "caused [him] not to be able to sail on the ship." *Id.* at ¶ 21. Although Plaintiff lost his captain's license at some point in 2019 due to his diabetes, he allegedly re-obtained it at an unspecified later time. *Id.* at ¶¶ 20, 22. During this time, a vacancy opened for a small craft operator with USACE in Portland, Oregon. *See id.* at 1. Plaintiff—who was fifty-seven years old at the time—applied for the position. *Id.* at ¶ 8; *see also id.* at ¶ 15. On July 6, 2020, Plaintiff was interviewed by Allen Stewart, Daniel Geye, and Richmond Boyce. *Id.* at ¶¶ 10, 26. Steven Russell was the deciding official in the hiring process but did not interview the candidates. *Id.* at ¶ 27. Both Mr. Stewart and Mr. Russell had supervised Plaintiff when he previously worked as a USACE small craft operator. *Id.* at ¶ 50.

On July 7, 2020, Mr. Geye emailed Mr. Russell, notifying him of the selection recommendation and ranking, with Mr. Parker coming in fourth behind Christian Kanschat, Paul Gunis, and Mark McCaughn. *Id.* at ¶ 28. Plaintiff alleges that each of the three individuals chosen ahead of him had "no known disability," and were "at least 7 years younger than Plaintiff." *Id.* at ¶¶ 30, 36, 46. Ultimately, Mr. Gunis was selected for the position and Plaintiff was notified of his non-selection on July 21, 2020. *Id.* at ¶¶ 16, 35. Plaintiff alleges that he was "the most qualified and the best fit for the position," *id.* at ¶ 67, and that he "would have been selected but for the perceived disability that Geye[] and Russell had of him and for his age," *id.* at ¶ 70.

On September 14, 2020, Mr. Parker filed an Equal Employment Opportunity ("EEO") Complaint alleging discrimination on the bases of disability and age regarding his small craft

PAGE 2 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

operator application. *Id.* at ¶ 86. On September 25, 2020, USACE's EEO office accepted Mr. Parker's EEO complaint. ECF 6-1, Ex. A at 1.[1] Mr. Parker requested a hearing before an Equal Employment Opportunity Commission ("EEOC") Administrative Judge and, on March 11, 2021, the EEOC issued an Acknowledgment Order explaining the hearing process and requirements. ECF 6-2, Ex. B. On March 15, 2022, Administrative Judge Stuart G. Cox issued a Notice of Intent to Issue Summary Judgment, explaining that he had "determined that there appear to be no issues of material fact or credibility to be determined at a hearing" and that he was "considering issuing Summary Judgment in favor of the Agency." ECF 6-3, Ex. C at 1. Plaintiff responded to the notice on April 15, 2022. ECF 1 at ¶ 88. On May 12, 2022, Administrative Judge Cox issued a Decision and Order Entering Judgment. *Id.* at ¶ 89; *see also* ECF 6-5, Ex. E at 1.

On September 27, 2022, Plaintiff, proceeding pro se, filed a complaint in this Court. ECF 1. Plaintiff claims that, by failing to select Plaintiff due to his age and perceived disability, Defendant violated the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, and Section 501 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 791, *et seq. Id.* at 1. Plaintiff brings both discrimination and retaliation claims under the ADEA and the Rehabilitation Act. *Id.* Plaintiff seeks reinstatement and damages for "lost wages and benefits" from July 21, 2020 to the present. *Id.* at ¶ 91. On December 6, 2022, Defendant

---

[1] Defendant provides various administrative records related to Plaintiff's EEOC case in support of her motion to dismiss, which this Court may consider in evaluating the motion. *See* ECF 6. Although this Court is ordinarily limited to the complaint in deciding a Rule 12(b)(6) motion, it may consider documents by judicial notice which are referenced in the complaint, the authenticity of which cannot be questioned, or that are relied on by a plaintiff. *No. 84 Employer-Teamster Joint Council Pension Tr. Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 925 n.2 (9th Cir. 2003); *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). This Court may also consider "records and reports of administrative bodies" on a Rule 12(b)(6) motion. *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. S&L Ass'n v. Soimino*, 501 U.S. 104 (1991). As the EEOC records provided by Defendant in support of her motion to dismiss satisfy these standards, this Court takes notice of these records. *See* ECF 6.

PAGE 3 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

filed a motion to dismiss, arguing that Plaintiff's complaint was untimely[2] and that Plaintiff had failed to state a plausible claim. ECF 5 at 6. Plaintiff filed a response to Defendant's motion on December 20, 2022. ECF 7.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

---

[2] This Court notes that Defendant cites to "Coit. Decl., Ex. E" for her contention that Plaintiff received notice of the final agency decision sufficient to trigger the applicable statutory limitations period. *See* ECF 5 at 8. Exhibit E, as submitted, does not mention any applicable time period for filing a civil action after a final agency decision. Defendant has failed to show how this exhibit provides Plaintiff with sufficient notice of his "right to sue and how much time []he has in which to bring the suit." *Missirlian v. Huntington Mem'l Hosp.*, 662 F.2d 546, 549 (9th Cir. 1981) (citations omitted); *see also Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007).

PAGE 4 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678).

Federal courts hold a pro se litigant's pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (internal quotation marks and citation omitted). "A document filed pro se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (emphasis omitted) (internal quotation marks and citation omitted).

## DISCUSSION

Defendant moves to dismiss Plaintiff's complaint, arguing that Plaintiff fails to state a plausible claim for relief under Federal Rule of Civil Procedure 12(b)(6). ECF 5 at 9. In his complaint, Plaintiff brings discrimination and retaliation claims under both the ADEA and the Rehabilitation Act. ECF 1 at 1. However, in Plaintiff's Response to Defendant's Motion to Dismiss, ECF 7, Plaintiff states that any retaliation claims in the complaint were alleged "by mistake." ECF 7 at 4–5. Accordingly, this Court GRANTS Defendant's Motion to Dismiss, ECF 5, as to Plaintiff's retaliation claims. Further, because this Court finds that Plaintiff fails to state a discrimination claim under both the ADEA and Rehabilitation Act, Defendant's Motion to Dismiss, ECF 5, is GRANTED.

PAGE 5 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**1. Plaintiff Fails to State a Discrimination Claim Under the ADEA**

Defendant moves to dismiss Plaintiff's discrimination claim under the ADEA for failure to state a claim, asserting that Plaintiff has not alleged that a substantially younger person with similar qualifications had been hired for the position instead—a required element of the claim. ECF 5 at 9. Under the ADEA, it is "unlawful for an employer . . . to fail or refuse to hire . . . any individual [who is at least 40 years of age] . . . because of such individual's age." 29 U.S.C. §§ 623(a), 631(a). "A litigant can establish a violation of ADEA using either of two related theories: he can show disparate treatment—that he suffered intentional discrimination in employment because of his age, or he can show an adverse or disparate impact—that facially neutral employment practices in fact treated more harshly employees in the protected age group." *Cotton v. City of Alameda*, 812 F.2d 1245, 1247 (9th Cir. 1987). "To prevail on a disparate treatment theory, a plaintiff must prove intentional discrimination." *Cotton*, 812 F.2d at 1248; *see also Shelley v. Geren*, 666 F.3d 599, 607 (9th Cir. 2012) ("To prevail on a claim for age discrimination under the ADEA, a plaintiff must prove at trial that age was the 'but-for' cause of the employer's adverse action."). "Under the disparate impact theory, employees must prove that a facially neutral employment practice had a discriminatory impact on older workers." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1291 (9th Cir. 2000).

Plaintiff, proceeding pro se, does not specify what kind of claim he brings under the ADEA. *See* ECF 1 at 1 ("Plaintiff was discriminated . . . against based on his age and perceived disability when he was not selected to a position of Small Craft Operator position . . . ."). However, as Plaintiff fails to allege a neutral practice which had a discriminatory impact on a protected class, this Court construes Plaintiff's complaint as bringing a disparate treatment claim under the ADEA. *See Erickson*, 551 U.S. at 94.

PAGE 6 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

To establish a violation of the ADEA under the disparate treatment theory of liability, Plaintiff must first establish a prima facie case of discrimination. *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008). If he does so, then the burden shifts to Defendant to articulate a legitimate nondiscriminatory reason for her employment decision. *Id.* In order to prevail, Plaintiff then must demonstrate that Defendant's alleged reason for the adverse employment decision is a pretext for another motive which is discriminatory. *Id.* To establish a prima facie case of intentional discrimination on the basis of age under the disparate treatment theory, Plaintiff must allege that he was within the protected class of individuals, that he applied for a position for which he was qualified, and that a substantially younger person with similar qualifications was hired for the position instead. *Cotton*, 812 F.2d at 1248.

Defendant contends that Plaintiff has failed to allege sufficient facts in support of the third element: that a substantially younger person with similar qualifications was hired as a USACE small craft operator in lieu of Plaintiff. ECF 5 at 10. The Ninth Circuit applies a presumption of substantiality to average age differences of ten years or more: "an average age difference of ten years or more between the plaintiff and the replacements [is] presumptively substantial, whereas an age difference of less than ten years [is] presumptively insubstantial." *France v. Johnson*, 795 F.3d 1170, 1174 (9th Cir. 2015) (citation omitted). However, "[a] plaintiff who is not ten years or more older than his or her replacements can rebut the presumption by producing additional evidence to show that the employer considered his or her age to be significant." *Id.* (citation omitted). "The plaintiff can produce either direct or circumstantial evidence to show that the employer considered age to be a significant factor." *Id.* Plaintiff alleges that the three candidates who were ranked above him in the selection process, including Mr. Gunis, were "at least 7 years younger" than himself. ECF 1 at ¶¶ 30, 36, 46.

PAGE 7 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Accordingly, this Court presumes that the alleged age difference between Plaintiff and Mr. Gunis, who was ultimately selected for the position, is insubstantial.

This Court next considers whether Plaintiff has alleged any additional evidence to show that the Defendant considered his age to be significant. Plaintiff contends that "based on his age, [he] was denied the position he sought, Small Craft Operator." ECF 1 at ¶ 15. However, Plaintiff fails to allege any non-conclusory facts to support this conclusion. *See Iqbal*, 556 U.S. at 678–79. Even construing Plaintiff's complaint liberally, *see Erickson*, 551 U.S. at 94, this Court finds Plaintiff has failed to sufficiently allege that a "substantially younger" candidate was selected in lieu of Plaintiff, a required element of Plaintiff's prima facie case. Accordingly, this Court finds that Plaintiff has failed to state a claim for discrimination under the ADEA. This Court GRANTS Defendant's motion as to Plaintiff's ADEA discrimination claim.

**2.  Plaintiff Fails to State a Discrimination Claim under the Rehabilitation Act**

Plaintiff alleges a discrimination claim under Section 501 of the Rehabilitation Act, 29 U.S.C. 791, *et seq*. The substantive standards of the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12111, *et seq.*, govern Section 501 claims. 29 U.S.C. § 791(f); *Lopez v. Johnson*, 333 F.3d 959, 961 (9th Cir. 2003).

Discrimination claims under the ADA are "subject to the burden-shifting framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 . . . (1973)." *Curley v. City of N. Las Vegas*, 772 F.3d 629, 632 (9th Cir. 2014). Under the *McDonnell-Douglas* framework, Plaintiff bears the initial burden of pleading discrimination. *McDonnell Douglas*, 411 U.S. at 802. Once he does so, Defendant must present a "legitimate, nondiscriminatory reason" for the challenged conduct. *Id.* If she does so, the burden returns to Plaintiff to show that the proffered nondiscriminatory reason was pretextual. *Id.* at 804. In order to establish a prima facie case of disparate treatment for non-selection under the Rehabilitation Act, the Plaintiff must

PAGE 8 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

show "that (1) [he] belongs to a protected class; (2) [he] applied for and was qualified for the position [he] was denied; (3) [he] was rejected despite [his] qualifications; and (4) the employer filled the position with an employee not of plaintiff's class, or continued to consider other applicants whose qualifications were comparable to plaintiff's after rejecting plaintiff." *Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1037 (9th Cir. 2005); *see also Lopez*, 333 F.3d at 961.

Defendant argues that Plaintiff fails to fulfill the first element of his prima facie case by plausibly alleging that he is disabled. ECF 5 at 12. "According to the ADA, an individual is disabled if that individual (1) has a physical or mental impairment that substantially limits one or more of the individual's major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment." *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004) (citations omitted); *see also* 42 U.S.C. § 12102(1); 29 C.F.R. § 1630.2(g).

Plaintiff asserts that he was "perceived as" being disabled due to his diabetes. ECF 1 at ¶ 14. Diabetes is a recognized disability under the ADA. *Rohr v. Salt River Project Agric. Imp. & Power Dist.*, 555 F.3d 850, 858 (9th Cir. 2009). "An individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to [discrimination] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A); *see also* 29 U.S.C. § 705(9). To establish disability under the "regarded as disabled" prong, a plaintiff must show that the defendant perceived them as "being disabled and discriminated against them on that basis." *Socal Recovery, LLC v. City of Costa Mesa*, 56 F.4th 802, 817 (9th Cir. 2023) (quoting *MX Grp., Inc. v. City of Covington*, 293 F.3d 326, 340 (6th Cir. 2002)); *see also Nunies v. HIE Holdings, Inc.*, 908 F.3d 428, 434 (9th Cir. 2018). This analysis

PAGE 9 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

"turns on how an individual is perceived by others" and "is fact-dependent and . . . adjudicated on a case-by-case basis." *Socal Recovery, LLC*, 56 F.4th at 817 (citations omitted).

In alleging this element, Plaintiff explains that he was diagnosed with diabetes in 2018. ECF 1 at ¶ 9. Plaintiff alleges that "[a]t the time of the job interview on July 6, 2020, and to the present day, he was not, had not been, and is not a person with a disability." *Id.* at ¶ 12. Plaintiff further alleges that "[h]is diabetes has not, did not, and does not interfere with one or more major life activities such as walking, running, seeing, concentrating, making decisions, vehicle or small craft operation, etc." *Id.* at ¶ 12. Instead, Plaintiff asserts that "[t]he disabling condition was 'temporary,' as Plaintiff was able to lower his blood sugar level . . . in order to 're-obtain [his] Captain's license.'" *Id.* at ¶ 13. Nevertheless, Plaintiff contends that, "as of July 6, 2020, he was perceived as having [a] disability by the selecting official, Steven William Russell" and panelist, Daniel Geye. *Id.* at ¶¶ 14, 70.

Defendant argues that Plaintiff fails to sufficiently allege that he was perceived as disabled, because Plaintiff did not allege that he was "regarded by anyone, including himself, as having a disability based on his health condition." ECF 5 at 12. This Court agrees, finding that Plaintiff fails to show that Mr. Russell and Mr. Geye perceived of Plaintiff as disabled. *See* 42 U.S.C § 12102(3); 29 U.S.C. § 705(9). Moreover, this Court finds that Plaintiff fails to plausibly allege that Plaintiff's perceived disability was the basis for any alleged discrimination in Defendant's hiring decision. *See id.*

To support Plaintiff's allegation that he was perceived as disabled, Plaintiff alleges in conclusory fashion that "[a]lmost all panelists emphasized the safety concerns related to Plaintiff['s] disability, alleging that his crew did not feel safe riding Plaintiff's boat." ECF 1 at ¶ 71. However, with respect to the actual facts that he alleges, Plaintiff pleads no facts to establish

PAGE 10 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

how such safety concerns related to Plaintiff's perceived disability or that Defendant perceived these concerns as related to Plaintiff's perceived disability. For example, Plaintiff alleges that one of the three interview panelists, Alan Stewart, recalled that during Plaintiff's prior employment with Defendant, Plaintiff "wrecked" his car on his way to work. *Id.* at ¶ 72. Plaintiff does not explain how Mr. Stewart perceived this car accident as related in some way to Plaintiff's diabetes. Moreover, Plaintiff alleges that Mr. Geye stated in his EEO investigation affidavit that Plaintiff's previous crew had said that they felt unsafe to ride the boat with him, "allegedly due to him not being able to handle stressful situations and to encounter some unspecified safety issues." *Id.* at ¶ 79. Again, Plaintiff does not explain how Plaintiff's performance under stress, or any alleged safety concerns, related to his perceived disability or how Defendant perceived these concerns as related to his disability.

In support of this claim, Plaintiff also alleges that both Mr. Russell and Mr. Geye recalled Plaintiff's prior failure to pass the physical required to renew his Captain's license due to his diabetes. *Id.* at ¶¶ 20, 73, 74. However, Plaintiff does not plausibly allege that the perception of this failure was related to—much less the reason for—any alleged discrimination in the decision to not hire Plaintiff for the current position. *See Doe v. Samuel Merritt Univ.*, 921 F. Supp. 2d 958, 968 n.6 (N.D. Cal. 2013) ("Because Plaintiff does not allege that Defendant denied Plaintiff her requested accommodation *because of* her disability, Plaintiff cannot be deemed disabled under [a 'regarded as' theory]."). Instead, Plaintiff alleges that "[Mr.] Geye's stated reasons for not recommending Plaintiff were due to his concern over Plaintiff's ability regarding the unspecified number of alleged safety incidents and his alleged failure to pay attention." ECF 1 at ¶ 80. Plaintiff does not plausibly connect either the above-mentioned safety incidents or a failure to pay attention to his diabetes. Moreover, Plaintiff also alleges that "[t]he fact that Plaintiff did

not provide references was highlighted as [a] negative point by [Mr.] Geye," *id.* at ¶ 48, which is once again unrelated to Plaintiff's perceived disability.

Plaintiff has failed to show that Mr. Russell or Mr. Geye perceived Plaintiff as disabled or that this perception was the basis for any alleged discrimination related to Defendant's hiring decision. Construing Plaintiff's complaint liberally, *see Erickson*, 551 U.S. at 94, this Court finds that complaint fails to allege that Plaintiff was perceived as disabled due to his diabetes at any time during the hiring process. Accordingly, Plaintiff fails to state a discrimination claim under the Rehabilitation Act. Defendant's motion to dismiss Plaintiff's Rehabilitation Act discrimination claim is GRANTED.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss, ECF 5, is GRANTED with leave to amend. Any amended Complaint must be filed by May 19, 2023. The Court advises Plaintiff that the amended Complaint will serve as a complete substitute for the original, and not as a supplement. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (explaining that "[a]s a general rule, when a plaintiff files an amended complaint, [t]he amended complaint super[s]edes the original, the latter being treated thereafter as non-existent" (internal quotation marks and citation omitted)).

**IT IS SO ORDERED.**

DATED this 19th day of April, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge